**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CRIMINAL DOCKET NO. 3:85CR62-RLV**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | |
| ) | **O R D E R** |
| **WAYNE PORTER,** ) | |
|          **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Notice from the Fourth Circuit Court of Appeals that Defendant Wayne Porter has petitioned the Fourth Circuit for a Writ of Mandamus compelling a ruling on a motion filed in a closed criminal case. (Doc. 6). This case was prosecuted in the early eighties, having been originally assigned to the Honorable Robert D. Potter, United States District Judge, now deceased.

In his "Motion To Correct Illegal Sentence Pursuant To Former Fed. R. Crim. P. 35(a) ("Rule 35(a)") And Memorandum In Support Thereof," filed July 1, 2010, Defendant Porter seeks to vacate the 75-year sentence imposed by this Court in November 1985 for a Continuing Criminal Enterprise conviction, in violation of 21 U.S.C. § 848 (Count Thirty-Four). (Doc. 3). Porter asserts that his sentence runs afoul of the Fifth Amendment's prohibition against Double Jeopardy, specifically the protection from multiple punishments for the same offense. *See e.g., Rutledge v. United States*, 517 U.S. 292, 297 (1996); *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Ball v. United States*, 470 U.S. 856, 864 (1985); *United States v. Butler*, 885 F.2d 195, 202 (4th Cir. 1989); and *United States v. Singleton*, 177 F.Supp.2d 12, 29−30 (D.D.C. 2001).

Upon a review of Defendant's filings, the undersigned has determined it prudent to provide the Government with an opportunity to respond to the substantive legal argument advanced by Porter and his retained counsel in 2010 and subsequent years.[1] (Docs. 3,5). Unfortunately, this is a time-sensitive matter given the lapse of time that has already occurred. In any event, a response from the Government is required prior to disposition.

Finally, it is noteworthy that the July 2010 Motion expressly states that Porter does <u>not</u> wish for his motion to be construed as a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Motion, at 1). Counsel contends that Porter does not seek to vacate his conviction on Count Thirty-Four, but only seeks to vacate the sentence imposed as to that offense. (Id., at 24−25). Porter concedes he unsuccessfully attempted to obtain relief under Section 2255 in 1991, and again in 2000, asserting the same Double Jeopardy argument in each instance. In 2004, Porter, acting *pro se*, then filed a Rule 35(a) Motion raising the Double Jeopardy issue; but that motion was construed as a Motion to Vacate, Set Aside or Correct Sentence and dismissed as successive.

**IT IS, THEREFORE, ORDERED** that the United States shall submit a written **RESPONSE** addressing Defendant's motions **on or before Friday, June 20, 2014**.

Signed: June 12, 2014

Richard L. Voorhees
United States District Judge

---

[1] The motion was filed in July 2010 and was pending for more than a year before other Article III Judges (formerly federal prosecutors) had to recuse and the case was reassigned to this district judge in October 2011. The outstanding motion was inadvertently overlooked as the undersigned is not typically assigned criminal cases arising out of the Charlotte Division.