IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-00373-RLV
(3:85-CR-00062-RLV-1)

| | |
|---|---|
| WAYNER PORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of what the Court finds is a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I. BACKGROUND

Petitioner was indicted in 1985 with 28 counts which included 5 counts of conspiracy in violation of 21 U.S.C. § 846, one count of engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848, several counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, the use of a communication facility in the commission of a drug felony, in violation of 21 U.S.C. § 843, traveling in interstate commerce with the intention of engaging in illegal drug activity, in violation of 18 U.S.C. § 1952, and aiding and abetting. See United States v. Porter, 821 F.2d 968 (4th Cir.), cert. denied, 485 U.S. 934 (1988). Petitioner was convicted of several of the counts, including the CCE charge, following a 10-day trial. The Court sentenced Petitioner to a term of 75-years on the CCE conviction, and the Court ordered that the sentences of the remaining counts of conviction would

1

run currently with the 75-year term for the CCE conviction. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. As is pertinent here, the Fourth Circuit affirmed Petitioner's CCE conviction and sentence and the Supreme Court denied further review.

What followed the conclusion of his direct appeal was a remarkable string of post-conviction efforts that Petitioner filed in an effort to attack his criminal judgment. On June 30, 1988, Petitioner filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure which the Court denied on October 11, 1988. On May 31, 1989, Petitioner filed a motion for review of his sentence which the Court also denied. United States v. Porter, No. 3:85-cr-00063-RDP (W.D.N.C. Aug. 10, 1989), aff'd, 898 F.2d 149 (4th Cir. 1990) (unpublished table decision).

Petitioner filed a § 2255 motion to vacate in 1991, which the Court dismissed and the Fourth Circuit affirmed for the reasons stated by the district court. Porter v. United States, No. 3:91-cv-207-RLV (W.D.N.C. July 7, 1993), dismissed, 19 F.3d 13 (4th Cir. 1994) (unpublished) (finding that Petitioner's appeal was without merit).

On November 5, 1998, the Fourth Circuit denied Petitioner's motion for authorization to file a successive § 2255 petition pursuant to 28 U.S.C. § 2244, and denied his motion reconsideration of the order. Nevertheless, Petitioner filed another § 2255 motion in 2001 which the Court dismissed as an unauthorized, successive § 2255 motion. Porter v. United States, No. 3:01-cv-577-RLV (W.D.N.C. Oct. 24, 2001). The Fourth Circuit dismissed Petitioner's appeal and denied a certificate of appealability. United States v. Porter, 37 F. App'x 707 (4th Cir. 2002) (unpublished).

In 2004, Petitioner filed a Rule 35 motion to correct his sentence which the Court

construed as a § 2255 motion to vacate and it was dismissed as successive. Porter v. United States, No. 3:05-cv-306-RLV (W.D.N.C. June 9, 2005). In the Order of dismissal, the Court observed that no less than two of Petitioner's prior motions had directly challenged his CCE conviction on double jeopardy grounds and the Court noted that this claim had been soundly rejected on the merits.

On appeal from this Order, the Circuit Court noted that Petitioner was convicted in 1985 of the CCE offense. In rejecting Petitioner's ongoing argument that his CCE conviction violated the Double Jeopardy Clause, and in affirming the dismissal of his Rule 35 motion, the Court noted that "Rule 35(a) is limited to claims that a sentence itself is illegal and may not be used to further a claim that the conviction underlying the sentence is invalid." United States v. Porter, 163 F. App'x 242 (4th Cir. 2006) (unpublished) (citing United States v. Little, 392 F.3d 671, 678 (4th Cir. 2004) (denying a defendant's effort to attack conviction on double jeopardy grounds under former Rule 35(a)). The Court also observed that Petitioner's double jeopardy argument attacking his CCE conviction was denied by the district court in his 2001 Section 2255 proceeding.

Next, Petitioner filed the present "motion to vacate/correct illegal sentence pursuant to Fed. R. Crim. P. 35(a) . . ." Petitioner again asserts that his conviction and sentence for the CCE charge were illegal based on his previous conviction for conspiracy in the Middle District of Florida. As noted, Petitioner's Double Jeopardy argument has been repeatedly rejected and those determinations have been upheld on appeal.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court finds that the present motion is yet another § 2255 motion despite Petitioner's contention that the motion should be treated as a Rule 35 motion. The Court finds that Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present, successive § 2255 motion. The Court will therefore dismiss the § 2255 motion without prejudice. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is

**DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion for adjudication is **DISMISSED** as moot, and his motion to amend is **DENIED.** (Doc. No. 2).

**IT IS FURTHER ORDERED** that the Government's motion to dismiss is **GRANTED**. (Doc. No. 3).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 26, 2014

Richard L. Voorhees
United States District Judge