IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C-CR-85-62-01

WAYNE PORTER,
　　Petitioner,

Vs.

UNITED STATES OF AMERICA,
　　Respondent,

MOTION TO CORRECT ILLEGAL SENTENCE
PURSUANT TO FORMER RULE 35(a)

　　Wayne Porter, the petitioner herein, submits this motion pursuant to former Fed. R. of Crim. P. 35(a). The rule applies to all sentences imposed for offenses committed before November 1, 1987. United States v. Little, 392 F. 3d 671 (4th Cir. 2004):

> Little was sentenced prior to the enactment of the United States Sentencing Guidelines. He brought this motion under former Federal Rule of Criminal Procedure 35(a), which is available to individuals whose offenses were committed prior to November 1, 1987. See United States v. Landrum, 93 F.3d 122, 125 (4th Cir 1996). That rule allowed an individual to bring a motion to correct an illegal sentence at any time.

Id. at 682 n.1.

　　On July 2, 1984, Porter was sentenced in the Middle District of Florida at Jacksonville case no. 82-70-CR-J-M, for conspiracy to import marijuana in violation of 21 U.S.C. §963, and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §846 plus 14 other related counts. All sentences were ran concurrent—the longest term being 10-years[1/] for conspiracy to distribute marijuana in violation of 21 U.S.C. §846.

(2)

On November 6, 1985, while serving the 10-year sentence, Porter was subsequently convicted and sentenced to a consecutive 75-year sentence for organizing and supervising a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (CCE), that included Porter's prior §846 conspiracy conviction from the Middle District of Florida as a predicate offense. See United States v. Porter, 821 F.2d 968 (4th Cir. 1987):

> The crime charged in the Florida indictment was the last of the [continuing] series of crimes related to drugs on which the government relied to prove that Porter engaged in a continuing criminal enterprise as charged in count 34 of the present indictment.

Id. at 976. Compare also, the following example:

> Mr. Cogburn: This conspiracy went up through and until the sting. And he has pled guilty to it and we're relying on it as a predicate offense under CCE... We are relying on that conviction as one of the predicate offenses.
>
> Court: He was convicted of this?
>
> Mr. Cogburn: He came in and went down to Jacksonville and ultimately pled guilty in Jacksonville, Florida.[2]

(3)

Accordingly, Porter has established that the sentence for which reduction is sought was for offenses that were obviously committed prior to November 1, 1987.

---

[1] See Judgement And Probation/Commitment Order case no. 82-70-CR-J-M attached hereto and incorporated herein by reference as Exhibit A, at p. 7.

[2] See Trial Transcript, Western District of North Carolina Volume 8, p. 59 attached hereto and incorporated herein by reference as Exhibit B, p. 9.

2

(4)

Because the district court in the Western District of North Carolina CCE prosecution did not orally pronounce at Porter's sentencing or state in the Judgement-Commitment Order[3/] whether the court intended for Porter to serve the 75-year §848 CCE sentence concurrently or consecutively to Porter's prior 10-year sentence for the §846 conspiracy conviction in the Middle District of Florida prosecution—Title 18 U.S.C. §3584(a) mandated that Porter served the two separately imposed sentences consecutively:

> NEW INFORMATION: On November 6, 1985, Porter received an additional 75 year sentence from the Western District of North Carolina. This sentence is a 21-848-Continuing Criminal Enterprise sentence, thus non-parolable. With his prior [10 year] sentence, Porter has a total of 79 years.[4/]

(5) The "second" and "consecutive" 75-year CCE sentence is illegal. This is so, because in the very "first" Title 21, United States Code, Section 848 Continuing Criminal Enterprise conviction and sentence the United States Supreme Court reviewed following the promulgation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, the Court held in *Jeffers v. United States*, 432 US 137 (1977), that Congress did not authorize cumulative sentences to be imposed in successive prosecutions for violations of §§848 CCE and 846 conspiracy, where both vio-

---

3/ See Judgement And Probation/Commitment Order case no. CH-CR-85-62-01 attached hereto and incorporated herein by reference as Exhibit C, pp. 10-11.

4/ See United States Department of Justice Bureau of Prison Progress Report for Wayne Porter attached hereto and incorporated herein by reference as Exhibit D, p. 13, paragraph 17.

3

lations appear as a part of the same drug enterprise-pointing out that:

> In this case... it is necessary to decide whether... Congress intend to allow cumulative punishment for violations of §§ 846 and 848. We have concluded that it did not.
>
> As this discussion makes clear the reason for seprate penalties for conspiracies lies in the additional dangers posed by concerted activity. Section 848, however, already expressly prohibits this kind of conduct. Thus, there is little legislative need to further this admittedly important intrest by authorizing consecutive penalties from the conspiracy statute[s].
>
> Our conclusion that Congress did not intend to impose cumulative penalties under §§ 846 and 848 is of minor significance in this particular case.

Id. 432 US at 155-157.

In 1980, the United States Supreme Court reaffirmed in Whalen v. United States, 445 US 684, that if Congress has not authorized cumulative punishments under separate statutory offenses the sentencing court violates the persons right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress and that:

> The Double Jeopardy Clause at the very least precludes federal courts from imposing consecutive sentences unless authorized by Congress to do so.

and that:

> If a federal court exceeds it on authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty.

Id. 445 US at 689.

The Court further expressively provided that: "Congress is clearly

4

free to fashion exceptions to the rule it chose to enact....[but that] A court, just as clearly, is not." 445 US at 695. Accordingly, unless the United States Supreme Court did not mean what it plainly said in both Jeffers, supra, and Whalen, supra, the district court in the Western District of North Carolina exceeded its own authority by imposing multiple punishments for §848 CCE and its lesser included §846 conspiracy CCE predicate offenses.

## CONCLUSION

For the reasons stated herein the Court should grant Porter's former "OLD LAW" Rule 35(a) Motion and set aside his sentence as to Count 34 of the indictment in this case.

Respectfully submitted this ___ day of February 2017.

Wayne Porter
Reg. No. 00622-043

# Proof of Service

I, Wayne Porter, the undersigned certify that on this ___ day of February 2017, I placed one copy of Motion To Correct Illegal Sentence Pursuant to "OLD LAW" Rule 35(a) addressed as follows:

    Jerry W. Miller
    Assistant United States Attorney
    Room 224, 401 West Trade Street
    Charlotte, North Carolina 28202

    Wayne Porter
    Reg. no. 00622-043
    ~~Florence,~~ High
    P.O. Box 7000
    Florence, Co 81226-7000

| | | | |
|---|---|---|---|
| DEFENDANT | WAYNE PO[...]R | | United States District Court for MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION |
| | | | DOCKET NO. 82-70-Cr-J-M |

# JUDGMENT AND PROBATION/COMMITMENT ORDER
AO-245 (9/82)

In the presence of the attorney for the government the defendant appeared in person on this date —

| MONTH | DAY | YEAR |
|---|---|---|
| 7 | 2 | 84 |

**COUNSEL**
[ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.
[X] WITH COUNSEL — Henry M. Coxe, III and Carlotta Miller
(Name of Counsel)

**PLEA**
[X] GUILTY, and the court being satisfied that there is a factual basis for the plea,
[ ] NOLO CONTENDERE, [ ] NOT GUILTY

There being a finding/verdict of
[ ] NOT GUILTY. Defendant is discharged
[ ] GUILTY.

**FINDING & JUDGMENT**
Defendant has been convicted as charged of the offense(s) of conspiring to import marijuana into the United States, conspiring to possess with intent to distribute a quantity of marijuana, unlawfully and knowingly possessing with intent to distribute a quantity of marijuana and unlawfully and knowingly using a telephone in interstate communication to facilitate a conspiracy to import and to possess with intent to distribute, marijuana, as charged in Count 1, violation of Title 21, U.S.C., Sec. 963, Count 2, violation of Title 21, U.S.C., Sec. 846, Count 3, violation of Title 21,U.S.C., Sec. 841(a)(1) & Title 18, U.S.C., Sec. 2 and Counts 4 through 16, violation of Title 21,U.S.C., Sec.843(b) & Title 18, U.S.C., Sec. 2.

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE (5) YEARS on Count 1, TEN (10) YEARS on Count 2, FIVE (5) YEARS on Count 3, and FOUR (4) YEARS on each of Counts 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, sentences imposed herein on all counts shall run concurrently and the defendant shall become eligible for parole under Title 18, United States Code, Section 4205(b)(2), at such time as the parole commission may determine.

IT IS FURTHER ADJUDGED that a TWO (2) YEAR <u>special parole term</u> is imposed on Count 3 to follow the term of imprisonment, in accordance with Title 21, United States Code, Section 841.

**ADDITIONAL CONDITIONS OF PROBATION**
In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**
The court orders commitment to the custody of the Attorney General and recommends, cardiac evaluation upon arrival at the designated institution and such treatment as is necessary, Court further recommends commitment to the Federal Correctional Institution at Lexington, Kentucky.

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

I certify the foregoing to be a true and correct copy of the original.
DONALD M. [...], Clerk
United States District Court
Middle District of Florida

US District Judge / US Magistrate
/s/ Howell W. Melton
Date

Phillips

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
UNITED STATES OF AMERICA,    )   DOCKET NO.
              Plaintiff,     )   CH-CR-85-62
                             )
         -vs-                )   Charlotte, N.C.
                             )   October 23, 1985
WAYNE PORTER, TERRY          )   9:00 o'clock A.M.
ALMEDIA PORTER, EARL DEAN    )
JOLLY, THOMAS LEE BELL,      )
LEWIS GREG BARENTINE, JAMES  )
HENRY HAND, AND W. T.        )
PETERSON, aka PETE           )
```

VOLUME VIII
TRANSCRIPT OF JURY TRIAL
(MOTIONS, OPENING STATEMENTS, TESTIMONY,
CLOSING ARGUMENTS, JURY CHARGE AND SENTENCING)
BEFORE THE HONORABLE ROBERT D. POTTER, with a jury

APPEARANCES:

For the Plaintiff           -   Max O. Cogburn, Jr., Esq.
                                Assistant United States Attorney
                                Asheville, North Carolina

For Defendant W. Porter     -   Harold Bender, Esq.
                                Charlotte, North Carolina

For Defendant T. Porter     -   Larry Hewett, Esq.
                                Charlotte, North Carolina

For Defendant Jolly         -   Keith Stroud, Esq.
                                Charlotte, North Carolina

For Defendant Bell          -   James A. Everette, Esq.
                                Elkin, North Carolina

For Defendant Barentine     -   Ken Gordon, Esq.
                                Atlanta, Georgia

For Defendant Hand          -   William Sheppard, Esq.
                                Jacksonville, Florida

For Defendant Peterson      -   Jeff Rupe, Esq.
                                Charlotte, North Carolina

SHEILA B. BOONE
OFFICIAL COURT REPORTER
U. S. DISTRICT COURT
CHARLOTTE, N. C.

1  MR. COGBURN: Yes, sir.

2  COURT: All right, Mr. Bender, what do you say about that?

4  MR. BENDER: Your Honor, I think it has to show knowledge of his guilt of this Indictment, of this crime. Not something totally unrelated.

7  COURT: Of this crime, now what crime are you referring to?

9  MR. BENDER: Of the Indictment, what he's charged with in the Indictment.

11 MR. COGBURN: This reverse started in May of 1982. If they had never done the stings, the conspiracy would have been complete right then when they were doing this first activity from May to June testified about by Rocky Townsend; and then it culminates in July and an indictment charging up to June will cover July on this, Your Honor. I have no problem at all with that. This conspiracy went up through and until the sting. And he has pled guilty to it, and we're relying on it as a predicate offense under CCE.

20 We got more than three; we got a lot more than three. We're relying on that conviction as one of the predicate offenses.

23 COURT: He was convicted of this?

24 MR. COGBURN: He came in and went down to Jacksonville and ultimately pled guilty in Jacksonville, Florida, to the

# JUDGMENT AND PROBATION/COMMITMENT ORDER

**DOCKET NO** → C-CR-85-62-01

In the presence of the attorney for the government the defendant appeared in person on this date → **November 6, 198**

**COUNSEL**
[ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether he desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.
[X] WITH COUNSEL — Harold J. Bender, retained
(Name of Counsel)

F I L E D
CHARLOTTE, N. C.
NOV 20 1985
U. S. DISTRICT COURT
W. DIST. OF N. C.

**PLEA**
[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea.
[ ] NOLO CONTENDERE,
[X] NOT GUILTY

There being a JURY verdict of
[ ] NOT GUILTY. Defendant is discharged
[X] GUILTY. by the jury as to counts 1,2,4,7,8,16-19,24-29 &

Defendant has been convicted as charged of the offense(s) of the indictment
Conspiracy to possess & distribute more than 1000 lbs of marijuana, a Schedule I non-narcotic controlled substance, & 2 million methaqualone tablets, a Schedule II non-narcotic controlled substance, in viol. of 21 USC Section 846, as charged in count 1; possession with intent to distribute more than 1000 lbs of marijuana & aiding & abetting in same, in viol. of 21 USC Section 841(a)(1) & 18 USC Section 2, as charged in count 2; possession with intent to distribute methaqualone & aiding & abetting in the same, in viol. of 21 USC Section 841(a)(1) & 18 USC Section 2, as charged in count 4; distribution of more than 1000 lbs of marijuana & aiding & abetting in the same, in viol. of 21 USC 841(a)(1) & 18 USC Section 2, as charged in count 7; traveling in interstate commerce to promote an illegal activity, in viol. of 18 USC Section 1952, as charged in counts 8 and 25; conspiracy to import, possess & distribute more than 1000 lbs of marijuana & of cocaine, a Schedule II narcotic controlled substance, in viol. of 21 USC Section 963 as charged in count 16; conspiracy to possess & distribute more than 1000 lbs of mar: in viol. of 21 USC Section 846, as charged in counts 18 & 24; conspiracy to possess & distribute marijuana, in viol. of 21 USC Section 846, as charged in count 19; using a communication facility in the commission of a felony drug offense, in viol. of 21 USC Section 843(b), as charged in counts 26-29; and engaging in a continuing criminal enterprise, in viol. of 21 USC Section 848, as charged in count 34 of the Indictment

Counts 10-15 and 21-23 dismissed by the Court per Order of 10-17-85.
Counts 3, 5 and 6 dismissed by the Court on 10-23-85.

(continued on next page)

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

The court orders commitment to the custody of the Attorney General and recommends

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U S Marshal or other qualified officer

ROBERT D. POTTER, Chief Judge      Date November 6, 1985

# JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government the defendant appeared in person on this date ⟶ November 6,

**COUNSEL**
[ ] WITHOUT COUNSEL
[ ] WITH COUNSEL

However the court advised defendant of right to counsel and asked whether defendant desired counsel appointed by the court and the defendant thereupon waived assistance of counsel

(Name of Counsel)

**PLEA**
[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,
[ ] NOLO CONTENDERE,   [ ] NOT GUILTY

**FINDING & JUDGMENT**
There being a finding/verdict of
[ ] NOT GUILTY. Defendant is discharged
[ ] GUILTY.

Defendant has been convicted as charged of the offense(s) of

(continued from page 1)

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that. The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

Count 34: SEVENTY-FIVE (75) YEARS.

Sentences imposed in all of the following counts are to run concurrent with the sentence imposed in count 34:

Count 1: FIFTEEN (15) YEARS;

Counts 2 and 7 merged for sentencing: FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in count 1;

Count 4: FIVE (5) YEARS, to run consecutive with the sentence imposed in counts 2 and 7 plus a four (4) year mandatory special parole term due to a prior conviction;

Counts 8, 17 and 25 merged for sentencing: FIVE (5) YEARS, to run consecutive with the sentence imposed in count 4;

Count 16: FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in counts 17 and 25;

Count 18: FIFTEEN (15) YEARS, to run consecutive with the sentence imposed in count 16;

Counts 19 and 24 merged for sentencing: FIVE (5) YEARS, to run consecutive with the sentence imposed in count 18;

Counts 26, 27, 28 and 29 merged for sentencing: FOUR (4) YEARS, to run concurrent with sentences imposed in counts 1,2,4, 7,8,16,17,18,19,24 and 25.

ROBERT D. POTTER, Chief Judge   Date November 6, 1985

It is ordered that the Clerk deliver a certified copy of this judgment certified to be a true and correct copy of the original.

U. S. District Court
Thomas J. McGraw, Clerk
Western Dist. of N. C.

By _____ Deputy Clerk
2/5/86

FCI, Ashland, Kentucky
Institution

03-06-86
Date

If you have a presumptive parole date, any IDC actions referred to in this report will be considered by the U.S. Parole Commission as a basis for possible rescission of your parole date. You may present documentary evidence (including voluntary statements of witnesses) in mitigation of your misconduct, and you may request to review all disclosable documents that will be considered by the Commission.

Inmate Reviewed and/or Received Copy:

*Wayne Porter* — Inmate's Signature     3-6-86 Date     *M.R.___* Staff Signature

**1. Type of Progress Report:**

Initial: _____ ; Statutory Interim: _____ ; Pre-Release: _____
Transfer: XX ; Other (specify): _____

**2. Name:** PORTER, Wayne

**3. Reg. No:** 00622-043 (C)

**4. Age (DOB):** 36 (01-22-50)

**5. Present Security/Custody Level:** 2/IN

**6. Offense:** Conspiracy to Import Marijuana; Possession with Intent to Distribute Marijuana; Use of a Facility to Facilitate the Commission of Conspiracy; Continuing Criminal Enterprise; Conspiracy to Possess with Intent to Distribute Marijuana and Methaqualude.

**7. Sentence:** 10 Years (210848 CCE); 75 Years (21-848 CCE); Concurrent to # 1; 4 Years SPT

**8. Sentence Began:** 07-02-84

**9. Months Served:** 20 Months + 187 DJC

**10. Days EGT:** 62

**11. Days FGT/WGT:** 0/0

**12. Tentative Release:** 03-07-2028

**13. Last Commission Action/Date:** NOA dated 03-21-85 with P.P. 12-22-86 not applicable, since serving 75 Years CCE.

**14. Detainers/Pending Charges:**
There are no detainers or pending charges.

**15. Co-defendants:**
There were no known co-defendants.

Distribution: Original — Inmate File; Copies to U.S. Probation Office, Parole Commission Regional Office, Inmate

PHOTO-COPY COMPLETED FORM AS NECESSARY
CENTRAL FILE
BP-Class-3

Case 3:85-cr-00062-RLV   Document 21   Filed 03/08/17   Page 12 of 14

Name: PORTER, Wayne        Register Number: 00622-043 (C)        Date: 03-06-86

16. **Summary of Prior Progress Reports:** Porter's only prior progress report was completed on 07-29-85 at FCI, Lexington, Ky. While there, he satisfied all mandatory ABE requirements and enrolled in the GED studies. His work repor showed steady improvement once he received a job change to orderly. He maintained a favorable relationship with staff. Porter maintained clear conduct.

17. **New Information:** On November 6, 1985, Porter received an additional 75 year sentence fr the Western District of North Carolina. This sentence is a 21-848-Continuing Criminal Enterprise sentence, thus non-parolable. With his prior sentence, Porter has a total of 79 years, with a projected satisfaction date of 03-07-2028 via Mandatory Release.

18. **Institutional Adjustment:**

    a. **Program Plan:** At Mr. Porter's initial classification, he was programmed for GED, Vocational participation. He was assigned to a job in the Power Plant He requested a job in the Recreation Department.

    b. **Work Assignments:** Porter's work evaluations from the Power Plant have reflected marginal performance. However, he has received outstanding evaluations from his Education supervisors.

    c. ~~Educational/Vocational Participation:~~ Porter is participating in the GED program. He enrolled in the program November 18, 1985 and continues his involvement to this time. He has received outstanding evaluations from the Education Department.

    d. **Relationship With Staff:** Porter maintains a positive relationship with staff. He always approaches staff in a polite and courteous manner.

    e. **Incident Reports:** Porter is not seen as a management problem. He has maintained clear conduct since being in federal custody.

    f. **Community Program Involvement:** Porter has not participated in any community programs.

    g. **Institutional Movement:** Porter was designated to FCI, Lexington and arrived there August 6, 1984. He was redesignated to FCI, Ashland, Kentucky while on Writ. He arrived at this institution on 11-18-85 and has remained here since that time.

    h. **Physical/Mental Health:** Porter reports he suffered a heart attack in 1980 or 1981. He was not under a doctors care nor was he receiving any medication prior to his incarceration. There is no indication that he suffers from any significant health problems at the present time. Porter does not seem to be suffering from any psychological, mental, or emotional problems. He appears to be functioning within the realm of acceptable behavior.

CENTRAL FILE

PROGRESS REPORT
(Continued)

Name: PORTER, Wayne   Register Number: 00622-043 (C)   Date: 03-06-86

19. Release Plannning:

   a. Residence: To be secured through CTC in the Wilkesboro, North Carolina area.

   b. Employment: To be secured.

   c. USPO: E. Hugh Martin, P.O. Box 177, 218 Federal Building, 207 West Main Street, Wilkesboro, NC 28697.

Dictated by: M.L. Lyons, Case Manager

Date dictated: 03-06-86

Reviewed by: Paul Helo, Unit Manager

Date reviewed: 3-6-86

Date typed: 03-06-86

CENTRAL FILE