IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:85-CR-00062-RLV-1

| WAYNE PORTER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of what the Court finds is a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, filed March 8, 2017 (Doc. #21). The Government has not responded. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I. BACKGROUND

Petitioner was indicted in 1985 with 28 counts which included 5 counts of conspiracy in violation of 21 U.S.C. § 846, one count of engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848, several counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, the use of a communication facility in the commission of a drug felony, in violation of 21 U.S.C. § 843, traveling in interstate commerce with the intention of engaging in illegal drug activity, in violation of 18 U.S.C. § 1952, and aiding and abetting. See United States v. Porter, 821 F.2d 968 (4th Cir.), cert. denied, 485 U.S. 934 (1988). Petitioner was convicted of several of the counts, including the CCE charge, following a 10-day trial. The Court sentenced Petitioner to a term of 75-years on the CCE conviction, and the Court ordered that the sentences of the remaining counts of conviction would run currently with the 75-year term for the CCE conviction. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. As is pertinent here, the Fourth Circuit

affirmed Petitioner's CCE conviction and sentence and the Supreme Court denied further review.

What followed the conclusion of his direct appeal was a remarkable string of post-conviction efforts that Petitioner filed in an effort to attack his criminal judgment. These efforts are documented in the case history as recited in the next previous order filed August 26, 2014 (Doc. #12), which is incorporated herein by reference.

Next, Petitioner filed the present "motion to correct illegal sentence pursuant to former Rule 35(a)". Petitioner again asserts that his conviction and sentence for the CCE charge were illegal based on his previous conviction for conspiracy in the Middle District of Florida. As noted, Petitioner's Double Jeopardy argument has been repeatedly rejected and those determinations have been upheld on appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

The Court finds that the present motion is yet another § 2255 motion despite Petitioner's contention that the motion should be treated as a Rule 35 motion. The Court finds that Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present, successive § 2255 motion. The Court will therefore dismiss the § 2255 motion without prejudice. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Modify Sentencing / vacate is DISMISSED without prejudice as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**

Signed: October 5, 2017

Richard L. Voorhees
United States District Judge