THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:85-cr-00062-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| WAYNE PORTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Correct Errors…" [Doc. 29].

In 1985, the Defendant Wayne Porter was charged in a Bill of Indictment with a total of 28 counts, including five charges of conspiracy, in violation of 21 U.S.C. § 846; one charge of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; several counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841; use of a communication facility in the commission of a drug felony, in violation of 21 U.S.C. § 843; traveling in interstate commerce to carry on illegal drug activity, in violation of 18 U.S.C. § 1952; and aiding and abetting the same. See United States v. Porter, 821 F.2d 968, 971 (4th Cir. 1987). Following a

ten-day trial, a jury convicted the Defendant of sixteen counts, including all five conspiracies and the continuing criminal enterprise count. Id. The Court sentenced the Defendant to a term of 75 years on the continuing criminal enterprise count, with the sentences on the remaining counts of conviction to run concurrently. On appeal, the Fourth Circuit reversed a number of the Defendant's convictions and set his sentences aside on others. Id. at 978. The Fourth Circuit affirmed the Defendant's continuing criminal enterprise conviction and sentence. Id. The Supreme Court denied the Defendant's petition for a writ of certiorari. Porter v. United States, 485 U.S. 934 (1988).

The Defendant now moves the Court pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct a number of alleged "errors" set forth in the Fourth Circuit's decision affirming his conviction and sentence. [Doc. 29 at 1].

Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "[A] defendant may obtain relief under Rule 36 based on clerical errors, not substantive errors." United States v. Vanderhorst, 927 F.3d 824, 828 (4th Cir. 2019). Here, the alleged errors complained of are in fact substantive challenges to the validity of the

2

Defendant's conviction and sentence. Such a challenge may be made only on direct appeal or in an appropriate post-conviction proceeding, the time for which has long since expired. For these reasons, the Defendant's Rule 36 motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Correct Errors…" [Doc. 29] is **DENIED.**

**IT IS SO ORDERED.**

Signed: April 13, 2020

Martin Reidinger
United States District Judge