THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:85-cr-00062-MR-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| WAYNE PORTER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's First Step Act Motion for Reduction in Sentence [Doc. 39], as supplemented [Doc. 42]; the Defendant's Motion for Reduction of Sentence under Rule 35(b) [Doc. 44], as supplemented [Doc. 49]; and the Government's Motion to Seal [Doc. 48].

I.     **BACKGROUND**

From 1980 to 1982, the Defendant Wayner Porter was involved in a large-scale conspiracy to import marijuana, cocaine, and methaqualone into the United States through Florida. [Doc. 35: PSR at 3]. The Defendant was identified as "the most culpable defendant" of the 39 defendants indicted in the scheme. [Id.]. The Defendant and his co-conspirators smuggled 15,000 pounds of marijuana into South Carolina in August of 1980 and 37,000 to

55,000 pounds of marijuana and 1 million methaqualone tablets into Florida in November of 1980. [Id.]. The drugs were transported to Wilkes County, where the Defendant and a co-conspirator sold most of the marijuana. [Id.]. A different defendant sold the methaqualone tablets. [Id.].

The Defendant and his co-conspirators made a number of other unsuccessful attempts to smuggle drugs into Wilkes County. In October of 1980, the Defendant and a co-conspirator unsuccessfully tried to meet a mothership to off-load a large quantity of marijuana. [Id.]. In September of 1981, the Defendant and his co-conspirators tried to import 30,000 pounds of marijuana and 20 kilograms of cocaine by boat into Brunswick, Georgia, but the boat was seized and the marijuana thrown overboard. [Id.]. In early 1982, the Defendant tried to bring 12,000 pounds of marijuana into the Wilkes County Airport via plane but the plane did not arrive. [Id.]. In May of 1982, Porter and his co-conspirators again unsuccessfully tried to meet a mothership to off-load drugs. [Id.]. The same month, the conspirators tried to smuggle 24,120 pounds of marijuana into Darien, Georgia, but the Coast Guard intercepted the boat and law enforcement arrested the crew. [Id.].

Finally, in July of 1982, the Defendant and a co-conspirator sent $500,000 to Jacksonville, Florida, to buy a large amount of marijuana. [Id. at 4]. This marijuana sale was part of an undercover operation by the DEA

2

and the Duval County Sheriff's Office. [Id.]. Authorities arrested the Defendant and charged him with conspiracy. [Id.]. The Defendant became a fugitive until December of 1983, when he turned himself in and pleaded guilty to the conspiracy charge in the Middle District of Florida. [Id.]. The Florida district court sentenced him to 10 years in prison. [Id. at 5]. The presentence report in that case details how the Defendant arranged with associates to smuggle drugs from Colombia to Florida. [Doc. 35-1: Fl. PSR at 1-6]. Prior to this conspiracy, the Defendant had no significant criminal history. [Doc. 35: PSR at 5; Doc. 35-1: Fl. PSR at 6-7].

In 1985, a federal grand jury in this District returned a Bill of Indictment charging the Defendant with a total of 28 counts, including five charges of conspiracy, in violation of 21 U.S.C. § 846, and one charge of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. The remaining counts involved several counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841; use of a communication facility in the commission of a drug felony, in violation of 21 U.S.C. § 843; traveling in interstate commerce to carry on illegal drug activity, in violation of 18 U.S.C. § 1952; and aiding and abetting the same. See United States v. Porter, 821 F.2d 968, 971 (4th Cir. 1987). Following a ten-day trial, a jury convicted the Defendant of sixteen counts, including all five

3

conspiracies and the continuing criminal enterprise count. Id. The Court sentenced the Defendant to a term of 75 years on the continuing criminal enterprise count, with the sentences on the remaining counts of conviction to run concurrently, and four years of supervised release. On appeal, the Fourth Circuit reversed a number of the Defendant's convictions and set his sentences aside on others. Id. at 978. The Fourth Circuit affirmed the Defendant's continuing criminal enterprise conviction and sentence. Id. The Supreme Court denied the Defendant's petition for a writ of certiorari. Porter v. United States, 485 U.S. 934 (1988).

The Defendant is currently housed at FCI Butner Low, and his projected release date is November 10, 2031.[1] The Defendant has committed twelve disciplinary infractions during his nearly 42 years in BOP. [Doc. 45-2]. Most recently, he admitted to possessing cigarettes in January of 2025. [Id.]. He also has infractions for refusing to obey an order in 2019, possessing an unauthorized item in 2015, disruptive conduct in 2013, possessing intoxicants three times from 2009 to 2011, using drugs or alcohol in 2006, horseplaying while in the recreation area in 2004, phone abuse in 2002, possessing another inmate's property in 2000, and possessing an

---

[1] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed Oct. 15, 2025).

unauthorized item in 1996. [Id.]. The Defendant has completed six educational courses while in prison and participates in the religious life of the prison community. [Doc. 45-3; Doc. 39 at 7]. If released, he plans to live with his sister in Wilkes County. [Doc. 39 at 7].

On August 1, 2025, the Defendant filed the present motion for a sentence reduction under § 3582(c)(1)(A)(i) and (ii). [Doc. 39]. For grounds, the Defendant asserts that his medical circumstances, age, and the COVID-19 pandemic constitute extraordinary and compelling circumstances warranting his release. [Id. at 4]. Specifically, he asserts that his "serious cardiac and kidney issues" combined with potential exposure to COVID-19 put him at an increased risk of severe illness, hospitalization, or death. [Id. at 6]. Acknowledging that he may not be eligible for relief under § 3582(c)(1)(A), the Defendant alternatively moves for a reduction of sentence under the version of Rule 35(b) in effect at the time he was sentenced. [Doc. 44]. While the Government argues that the Defendant is not eligible for relief under § 3582(c)(1)(A), it does not oppose a reduction under Rule 35(b) because of the Defendant's age, his deteriorating health and the amount of time he has served in prison. [Doc. 45].

## II. DISCUSSION

### A. Compassionate Release Motion

"A judgment of conviction that includes a sentence of imprisonment is a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (citation and internal quotation marks and alterations omitted). One way in which a court may modify a sentence is 18 U.S.C. § 3582(c)(1)(A), which allows a district court to reduce a defendant's sentence upon a showing of certain "extraordinary and compelling" circumstances.

Congress enacted § 3582(c)(1)(A) as part of the Sentencing Reform Act of 1984 (SRA). United States v. Coonan, 143 F.4th 119, 123 (2d Cir. 2025). The SRA, however, applies only to offenses that took place on or after November 1, 1987. Id. at 124. As such, § 3582(c)(1)(A) does not apply to offenses that occurred before November 1, 1987.[2] Id.

---

[2] For defendants seeking compassionate release whose offenses occurred prior to that date, the provisions of 18 U.S.C. § 4205(g) apply instead of § 3582(c). United States v. Toney, No. 24-2636, 2024 WL 4648075, at *1 (3d Cir. Nov. 1, 2024); see also 28 C.F.R. § 572.40 (providing that § 4205(g) "remains the controlling law" for inmates whose offenses occurred before November 1, 1987). A motion for relief under § 4205(g), however, must be filed by the Bureau of Prisons, not by the prisoner himself. See 18 U.S.C. § 4205(g) ("At any time upon motion of the Bureau of Prisons, the Court may reduce" a defendant's sentence). The BOP has filed no such motion here. In any event, because the Defendant's conviction was for a non-parolable offense, he is not eligible for relief under § 4205(g). See 28 C.F.R. § 571.64 (stating that BOP cannot seek a reduction of sentence under § 4205(g) for "federal offenders who committed their offenses prior to November 1, 1987, and received non-parolable sentences").

Because the Defendant's offenses of conviction occurred prior to November 1, 1987, the Defendant is ineligible for relief under § 3582(c)(1)(A). Therefore, his § 3582 motion for a sentence reduction is denied.

B.  **Rule 35(b) Motion**

Alternatively, the Defendant moves for relief under the version of Rule 35(b) of the Federal Rules of Criminal Procedure which was in effect at the time of his sentencing. At that time, Rule 35(b) provided as follows:

> **Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Fed. R. Civ. P. 35(b) (1985). This version of Rule 35(b) was intended "to give every convicted defendant a second round before the sentencing judge" while affording "the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have

been presented to him in the interim." United States v. Guglielmi, 929 F.2d 1001, 1005 (4th Cir. 1991) (internal quotation marks and citation omitted).

Because the Defendant has no other procedural mechanism to ask the Court for compassionate release, the Government has expressly waived the 120-day time limit that applies to motions under old Rule 35(b). [See Doc. 45]. Further, the Government does not object to a reduction of the Defendant's sentence to time served.

Courts have used the former version of Rule 35(b) as a mechanism to grant relief when a defendant would otherwise have no remedy. See, e.g., United States v. Toney, No. 1:83-CR-00017, Doc. 86 (D.N.J. Jan. 24, 2025) (granting compassionate release under old Rule 35(b) where defendant had been incarcerated more than 42 years for bank robbery and had been a model inmate); United States v. Pray, No. 88-175, 2024 WL 4345067, at *6 (D.N.J. Sept. 30, 2024) (granting relief under old Rule 35(b) where defendant was 75 years old, had been in prison for over 35 years, showed exemplary rehabilitation, and was suffering from a "serious deterioration" in his health); United States v. Redwine, No. 3:87cr70, 2020 WL 6829848, at *8 (E.D. Va. Nov. 20, 2020) (granting compassionate release under old Rule 35(b) where defendant had served 33 years in prison and his age and medical conditions increased his risk of serious complications from COVID-19); United States v.

Rivera, No. 86-CR-1124, 2020 WL 2094094, at *4-5 (S.D.N.Y. May 1, 2020) (granting sentence reduction under old Rule 35(b) for defendant whose age and medical conditions placed him at high risk from COVID-19).

Here, the Defendant is 75 years old and has served over 41 years of his sentence. His health conditions, including congestive heart failure and symptoms that indicate a potential stroke, have caused a serious deterioration in his physical health. The Defendant's age, health conditions, relatively good conduct in prison, lack of significant criminal history, and his family support upon release make it unlikely that he will present a danger to the community if released. Taking into consideration the Defendant's history and characteristics, the nature and circumstances of the offense, the need to provide adequate deterrence and just punishment, and the need to avoid unwarranted sentencing disparities, the Court concludes that the Defendant has received adequate punishment for his offenses. Accordingly, the Court will grant the Defendant's Rule 35(b) motion and reduce his sentence to time served.

**C.     Motion to Seal**

The Government moves to seal the unredacted version of its response to the Defendant's motion and Exhibit 5 to the response. [Doc. 48]. For grounds, the Government states that both the exhibit and the redacted

portion of the response contain "sensitive or private information" about the Defendant supplied by the BOP, including private medical records. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on September 29, 2025, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing its motion, the Government has filed a redacted version of its response that is accessible to the public. [Doc. 46].

The material that the Government seeks to redact from its response, however, has already been made public through the filing of the Defendant's motion, in which the Defendant explicitly cites information regarding his health conditions as a basis for relief. Because this information has already been made publicly available, the Court finds no reason to seal the

10

Government's response to the extent that such information is discussed therein.

Exhibit 5 to the Government's response is a collection of medical records from the BOP. These records contain sensitive and personal information, and the public's right of access to such information is substantially outweighed by the Defendant's interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Moreover, these records include information that goes beyond the medical information discussed in the Defendant's motion, and redaction of these medical records would not be feasible. Further, having considered less drastic alternatives to sealing, the Court concludes that sealing these medical records is necessary to protect the privacy interests of the Defendant.

Accordingly, the Court will grant the motion to seal with respect to Exhibit 5. The Court will deny the motion with respect to the Government's response brief, and the Clerk will be instructed to unseal this document.[3]

---

[3] The Court notes that, in addition to filing a sealed version of its response and Exhibit 5, the Government also filed sealed versions of Exhibit 1 through 4, which the Government did not move to seal and which have also been filed on the public record in a separate docket entry. The Court will instruct the Clerk to unseal Exhibits 1 through 4 to Document 45 as well.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion for a reduction of sentence pursuant to § 3582(c)(1)(A) is denied; his motion under the old version of Rule 35(b) is granted; and his sentence is hereby reduced to time served. The Government's motion to seal is granted in part and denied in part, and the Clerk will be instructed to unseal the Government's response [Doc. 45], as well as Exhibits 1 through 4 thereto [Docs. 45-1, 45-2, 45-3, 45-4].

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's First Step Act Motion for Reduction in Sentence [Doc. 39], as supplemented [Doc. 42] is **DENIED**;

(2) The Defendant's Motion for Reduction of Sentence under Rule 35(b) [Doc. 44], as supplemented [Doc. 49] is **GRANTED**, and the Defendant's sentence is hereby **REDUCED** to **TIME SERVED**; and

(3) The Government's Motion to Seal [Doc. 48] is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** with respect to the medical records filed as Government's Exhibit 5 [Doc. 45-5], and such documents shall be sealed and shall remain under seal until further Order of this Court. The Motion is **DENIED** with respect to the Government's

Response to Motion for Compassionate Release and Rule 35(b) Motion [Doc. 45].

The Clerk of Court is respectfully directed to seal Document 45-5 only and unseal the remainder of Document 45. The Clerk of Court is respectfully directed to prepare an Amended Judgment consistent with this Memorandum of Decision and Order.

**IT IS SO ORDERED.**

Signed: November 13, 2025

Martin Reidinger
Chief United States District Judge